UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DANIEL A. TWILLEAGER,

    Plaintiff,

  v.

PACIFIC MARITIME ASSOCIATION (PMA)
and KAREN FOG,

    Defendants.

Civil No. 03-627-HA

ORDER

_____


HAGGERTY, Chief Judge:

    The history of this litigation is complicated. This court issued an Order on May 22, 2003, that advised plaintiff that his Complaint failed to comply with pleading requirements of the Federal Rules of Civil Procedure and this court's Local Rules. Plaintiff was granted thirty days' leave to file an Amended Complaint that complied with the Federal Rules of Civil Procedure.

After a series of inadequate submissions, the court accepted plaintiff's filing dated June 14, 2004, as a Third Amended Complaint in this action and subsequently ordered the Clerk to issue process. This court also concluded that the complexity of this case, coupled with plaintiff's relative inexperience, warranted an attempt to obtain appointed counsel. Plaintiff was advised explicitly that if a appointed lawyer declined to accept plaintiff's case, plaintiff would be required to proceed with the case *pro se*.

Defendants were first served on October 13, 2004. On November 2, 2004, defendants filed their Motion to Dismiss (Doc. # 17). On November 22, 2004, counsel was appointed on behalf of plaintiff. Defendants obtained extensions for briefing on their Motion to Dismiss, and the motion was subsequently fully briefed and taken under advisement without oral argument. On March 28, 2005, this court granted plaintiff's motion to allow counsel to withdraw. This development did not affect the merits of defendants' Motion to Dismiss, however, the briefing for which was already completed. The court now turns to the merits of the Motion to Dismiss.

BACKGROUND

Plaintiff worked as a longshoreman employed by defendant Pacific Maritime Association (PMA) since at least 1987. Plaintiff subsequently developed diabetes, was unable to attend a meeting called by the Portland Joint Labor Relations Committee concerning plaintiff's attendance and was ultimately "de-registered" on May 19, 2001. On June 18, 2001, plaintiff contacted the Oregon Bureau of Labor and Industries (BOLI) and initiated a claims process by supplying an Intake Questionnaire to BOLI. Subsequently, however, plaintiff failed to respond to BOLI's communications and inquiries, and failed to sign the charge sent to him for his review and

signature. In May 2003, plaintiff attempted to initiate this federal action asserting wrongful discharge and "discharge due to discrimination" but, as noted above, this Complaint was dismissed before service for failing to comply with federal and local pleading requirements. Plaintiff filed a second inadequate Complaint in June 2003, which was also dismissed without prejudice with instructions to plaintiff to comply with the applicable Rules. Plaintiff filed two more attempts at amending his Complaint in March 2004 and May 2004. In June 2004, plaintiff submitted a letter further elaborating his claims.

This letter of June 14, 2004, was deemed to constitute a sufficiently "short and plain statement of the claim showing that the pleader is entitled to relief" in compliance with Federal Rule of Civil Procedure 8(a). Accordingly, plaintiff's letter dated June 14, 2004, was docketed as a Third Amended Complaint in this action and the Clerk was directed to serve defendants. Service was received by defendants on October 13, 2004, shortly after the Clerk was instructed to proceed with service of process.

Defendants attack the Third Amended Complaint on three grounds. Defendants assert that: (1) the Amended Complaint was untimely served; (2) it was insufficiently pled and lacks an adequate jurisdictional foundation; and (3) that plaintiff's wrongful discharge claim is barred by the statute of limitations. Defendants' timeliness objection is overruled because special circumstances surrounded the delayed service of process that resulted from this court's careful review of plaintiff's myriad submissions. However, defendants assert meritorious challenges to this court's jurisdiction. Because any further amendments that could arguably assert proper jurisdiction and relate back to plaintiff's initial federal filing would be dismissed for failure to exhaust administrative remedies, plaintiff's Third Amended Complaint must be dismissed with prejudice.

ANALYSIS

Defendants argue that plaintiff's Amended Complaint is insufficient under the Federal Rules of Civil Procedure. The Amended Complaint consists of a two-page document asserting a claim for "wrongful discharge" and citing to two inapplicable Oregon statutes pertaining to unemployment compensation, an Oregon administrative rule, and an Oregon Court of Appeals decision regarding unemployment.

This court accepted plaintiff's submissions of June 14, 2004, concluding that the factual allegations contained in the submissions complied with the liberal filing requirements under the Federal Rules. After receiving service, however, defendants asserted a meritorious challenge against the Amended Complaint because it lacks sufficient allegations to support federal question jurisdiction. This court is obliged to meet a continuing duty to scrutinize an action's jurisdictional bases. The defense of lack of subject matter jurisdiction cannot be waived. *See Billingsly v. Comm'r. of I.R.S.*, 868 F.2d 1081, 1085 (9th Cir. 1989); *see also Spencer Enters., Inc. v. United States*, 345 F.3d 683, 687 (9th Cir. 2003) (courts have a "duty to consider subject matter jurisdiction *sua sponte* in every case . . . .").

The Amended Complaint asserts nothing more than a state law claim for wrongful discharge by an Oregon resident against a company with significant operations in Oregon. There are insufficient grounds to assert jurisdiction over this action, which is constituted of nothing more than a state law claim against non-diverse parties. Plaintiff's attempt to save his action by referring to other earlier filings, some of which were deemed inadequate by this court, is unpersuasive. All causes of action which are not alleged in an amended complaint are waived. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)(citation omitted). Accordingly, plaintiff's action must be dismissed for lack of jurisdiction.

In determining whether this dismissal must be with or without prejudice, this court notes that plaintiff has twice received explicit directions to amend his initial Complaint from this court twice, and plaintiff filed at least four formal amendments and submitted several other letters to the court in an effort to establish a viable federal claim. Plaintiff was also provided with appointed counsel. Despite these multiple opportunities, plaintiff's submissions have remained deficient.

Plaintiff was de-registered on May 19, 2001, and his claim for wrongful discharge accrued on that date. The statute of limitations for commencement of plaintiff's state law wrongful discharge claim is two years. O.R.S. 12.110. Under applicable law, an action is not commenced until the complaint is both filed and served on the defendant. O.R.S. 12.020. The only viable Complaint in this action was deemed filed on June 14, 2004. Defendants were not served in this action until October 13, 2004.

Plaintiff argues that the statute of limitations should be equitably tolled pursuant to the procedural requirements recognized in cases asserting federal claims under the Americans with Disabilities Act (ADA). This argument is flawed on several levels. Plaintiff's Amended Complaint asserts no federal claim. Plaintiff's sole claim is state law wrongful discharge.

Even assuming that plaintiff could properly amend his claims to file a Fourth Amended Complaint that related back to plaintiff's attempt to craft a federal claim in May 2003, such claims were never exhausted at the administrative level. Plaintiff was de-registered in May 2001, and in response to this he supplied an Intake Questionnaire to BOLI. The record is void of any evidence or assertion that plaintiff responded to BOLI's subsequent communications and inquiries. Moreover, plaintiff failed to sign the BOLI charge sent to him for his review. His initial Complaint was dismissed ten days after it was filed in this court, and plaintiff has failed to

subsequently present a viable federal claim to this court despite abundant opportunities to do so. In this light, there is little in the way of justifying a conclusion that the applicable statute of limitations, or the prerequisite that administrative remedies must be first exhausted, should be equitably tolled. Accordingly, this action is dismissed with prejudice.

CONCLUSION

For the reasons stated, defendants' Motion to Dismiss (Doc. # 17) is granted. Because this court may dismiss an action with prejudice due to a litigant's failure to comply with Rule 8(a) if other meaningful, less drastic sanctions have been explored, such as in this case, this action is dismissed with prejudice. *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981).

IT IS SO ORDERED.

DATED this  23   day of June, 2005.

      /s/Ancer L.Haggerty
Ancer L. Haggerty
United States District Judge